Southard J.
The plaintiff claimed of the defendants, trading under the firm of Lacey & Earle, the amount ..-1-1. -| . ..... principal and interest due on a paper, m the following words, “ January 3rd 1813. Then settled with John Ayers, and there is a balance due him from Farrago books, the sum of twelve dollars and seventy cents. For Lacey & Earle. William B. Cooke.” On the back of which was endorsed the name of “ John Ayers.” The transcript states that at the trial, one of the defendants, T. R. Lacey, said that the writing was just, on the Farrago books in the account at the time it was given, but this was evidently *564 intended as a confession or acknowledgement of the debt, -because on the return day of the summons, Lacey filed a plea or account, in the following words, “ John Ayres, Dr. in account with Thomas R. Lacey and Anthony 8. Earle, to sundries; account in 1811-12, 75 dollars.” And on the day of trial, he filed another containing particular items and amounting in their favour when balance was struck, to 37 dollars, 41 cents. Both these accounts were correctly overruled; the first, because it was not such an account as the law *requires, and the second because it was not filed on the return day. The judgment was in favour of the plaintiff for the amount claimed, and the case stands here upon the legality, assignment and proof of the writing, which is the foundation of the plaintiff’s claim.
1. This instrument is not, in its nature assignable. No assignment of it could justify Collins in bringing an action upon it in his own name. Chit, on Bills, 90. Pen. 722, 463, &c.
2. If it were assignable, yet is there no such assignment actually made as will give the plaintiff any interest, or enable him to maintain the suit. It is in blank, and although it would authorise the plaintiff, if it were a promissory note, to put the necessary words of assignment over the name, and this even after the commencement of the trial, and before it was offered in evidence, yet, in such cases, the assignment must be actually made before it can be received. In this case no such assignment could be put on the paper, and the justice erred in admitting it as proof of a debt due the plaintiff. Pen. 911-87.
3. Some doubt may rest upon the operation of the defendant’s acknowledgement of the note, whether it was sufficient, without other proof, to make it competent evidence; but as the note or paper was really not assignable, and as no endorsement was upon it which could justify its admission even if it were assignable, it is not necessary to express any opinion respecting this confession.
I think there ought to be a reversal.
*565 Kirkpatrick C. J.
I perfectly concur with my brother Southard, in the reversing of this judgment, upon principles stated. I am not satisfied that upon a paper like this or any other paper of instrument, not in its nature assignable, the mere endorsement of the party’s name upon the back of it will enable the holder to write an assignment to himself over that name, even if such endorsement were intended to pass the interest. I do not recollect any decision to that effect, and 1 think it would be contrary to principle. As to negotiable paper the law merchant has determined the import of a general assignment, and for the greater convenience has permitted it to pass by the mere endorsement of the name, and authorised the holder to write over it the assignment in form ; but if he were to write any thing *special, or different from a common assignment, it would be bad. But as to those papers or instruments not assignable in their nature, every assignment must be considered as special, and standing upon its own strength.
By the court:
Let the judgment be reversed.